**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Taniela F Kivalu, | No. CV-25-01897-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| USAA, et al., | |
| Defendants. | |

Plaintiff Taniela F. Kivalu believes five entities and one individual committed some largely-unidentified wrongs related to his mortgage. Kivalu requests leave to proceed in forma pauperis and he is entitled to do so. But granting that request means the court "shall dismiss" the case if it determines the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Kivalu's claims against one defendant are dismissed because he already sued that defendant for the same claims. Kivalu's claims against all other defendants are dismissed because he has not stated any plausible claim for relief against them.

**I. Background**

The present suit is Kivalu's second suit in the past twelve months related to the handling of his mortgage.[1] In September 2024, Kivalu filed a complaint alleging he had a

---

[1] Excluding the present suit, Kivalu has filed seven lawsuits since 2016. Of those suits, five were dismissed upon screening (CV-16-2871, CV-16-2929, CV-17-1579, CV-21-379, CV-24-2441), and two were dismissed based on motions to dismiss (CV-16-2928, CV-21-1809). Including the present suit, Kivalu has been unable to state any plausible claim for relief across eight different suits.

mortgage contract with Axen Mortgage and United Wholesale Mortgage, LLC ("UWM"). CV-24-2441, Doc. 8 at 2. Kivalu alleged those entities "breached the governing contract by changing the amount of his monthly payment" because of "changes to the amount required to fund his escrow account." CV-24-2441, Doc. 8 at 3. The written contract at issue allowed for "changes to the monthly payment based on adjustments to the escrow account," so the court dismissed Kivalu's suit in its entirety. CV-24-2441, Doc. 8 at 3. Kivalu appealed and his appeal remains pending.

Kivalu filed this suit on June 2, 2025, and amended his complaint on June 20, 2025. Kivalu's amended complaint identifies six defendants: USAA, UWM, OneMain Finance, Carrington Mortgage Services, NEXA Mortgage, and Randon L. Harvey. (Doc. 1 at 2.) Unfortunately, most of Kivalu's amended complaint is undecipherable. As best the court can understand, Kivalu appears to be complaining about some of the same events he described in his 2024 case.

In the first eight pages of the amended complaint, Kivalu alleges he executed a "Veteran's Mortgage" contract with non-party Axen Mortgage. (Doc. 9 at 4.) Axen Mortgage then selected defendant UWM to service the mortgage. (Doc. 9 at 4.) At some point UWM—through its agent defendant Randon L. Harvey—"produced a new Veteran Mortgage" that contained Kivalu's forged signatures. (Doc. 9 at 4.) Kivalu "fulfilled all obligations required under the original Veteran Mortgage." (Doc. 9 at 4.) And on June 17, 2025, Kivalu "received a notice from [defendant] Carrington Mortgage" that Carrington would "be the new servicer of the Veteran Mortgage Contract." (Doc. 9 at 4, 7.)

Based only on these facts Kivalu alleges "[d]efendants breached their respective contracts." (Doc. 9 at 7.) While not clear, the alleged breaches appear to consist of someone forging Kivalu's signature, UWM "increas[ing] [his] mortgage monthly payments . . . without notifying [him]," and USAA "dropping the bundle auto and mortgage insurance." (Doc. 9 at 6-7.) Defendants also allegedly breached the covenant of good faith and fair dealing by failing "to apply good faith and fair dealing promises on [sic] plaintiff." (Doc. 9 at 8.) These initial allegations involve UWM, Harvey, Carrington, and USAA but there

are no allegations regarding NEXA Mortgage LLC or OneMain Finance in the first eight pages of the amended complaint.

The amended complaint starts over on page nine with a caption and new paragraph numbering. (Doc. 1 at 9.) In pages nine to seventeen, Kivalu re-alleges some of the same facts as earlier, such as that UWM increased his monthly payments "claiming that the mortgage insurance has increased." (Doc. 9 at 11.) But Kivalu also alleges he "located an unofficial mortgage agreement proposal drafted by Nexa Mortgage adopted by UWM" and OneMain Finance told Kivalu his "auto coverages on the Kia was lapsed two months." (Doc. 9 at 11-12.) These additional actions in some indeterminable way provide additional grounds for Kivalu's claims for breach of contract and breach of the covenant of good faith and fair dealing.

As for relief, Kivalu seeks "$150,000.00 Stat reliefs [sic] while the case is on trial." (Doc. 9 at 16.) Kivalu also seeks $250 million as "Disabled Veterans being violated and denied accommodation damages." And $150 million because of defendants' "scheme to defraud the Disable [sic] Veteran and planned to hold the Veterans [sic] Hostages." (Doc. 9 at 16.)

**II. Analysis**

**A. Res Judicata Bars Claims Against UWM**

Kivalu's 2024 lawsuit alleged UWM had breached the parties' contract by making a change to his monthly payment amount. CV-24-2441, Doc. 7 at 5. Kivalu's claims against UWM in that suit were dismissed with prejudice. CV-24-2441, Doc. 8. Kivalu appears to be trying to pursue the same (or similar) claims against UWM in this suit. (Doc. 9 at 11). Because he already litigated his claims against UWM and they were dismissed with prejudice, Kivalu cannot relitigate the same claims by filing a new complaint. Kivalu is also prohibited from suing UWM in this suit for different wrongs than what he identified in his 2024 complaint because Kivalu could have sued over those different wrongs in his earlier suit.

"Res judicata bars relitigation of all grounds of recovery that were asserted, or could

have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). If the claims "could have been brought" in the earlier suit, they are now barred. *Id.* Kivalu's 2024 lawsuit named UWM as a defendant and alleged it had committed wrongs in relation to his mortgage. That suit was filed in September 2024 alleging misconduct before the filing date. The current complaint involves wrongs UWM allegedly committed "since 8/2/2023"—including changing Kivalu's monthly payments—meaning Kivalu's claims against UWM in this suit were available to him in September 2024. (Doc. 9 at 5.) Because Kivalu could have brought his current claims against UWM in his 2024 case, he cannot pursue the claims against UWM in this suit. But even assuming res judicata does not bar the claims against UWM, those claims are subject to dismissal on an additional basis that applies to all defendants.

**B. Amended Complaint Fails to State Plausible Claim for Relief**

Given the disjointed nature of the amended complaint's allegations, it is not possible to determine which defendant is being sued, "for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). To the extent the court can understand the amended complaint, Kivalu has not stated a plausible claim against any defendant.

Kivalu is trying to allege contract claims against UWM (and Randon L. Harvey) based on an increase in monthly payments, but he does not point to any contract prohibiting such increases. And it is implausible that Kivalu's mortgage contract prohibits increasing monthly payments when his home insurance premiums increase.

For USAA, Kivalu alleges it breached a contract when it "dropped the auto part insurance endorsed under the bundle offered by USAA." (Doc. 9 at 12.) It is not clear what this means but the amended complaint does not identify the contract that prohibited USAA from "dropp[ing] the auto part insurance," and it is implausible such a contract exists.

For OneMain Finance, it allegedly "instituted an increased [sic] in auto insurance policy." (Doc. 9 at 12.) Again, there are no allegations identifying a contract that prohibited

such an increase, and it is implausible that such a contract exists.

For Carrington Mortgage, Kivalu alleges only that it is becoming the servicer of his mortgage as of July 2025. (Doc. 9 at 4.) There are no allegations that a change in servicer is prohibited by contract, and it is implausible that such a contract exists.

Finally, NEXA Mortgage is identified as "the drafter of the Mortgage Contract used by UWM." (Doc. 9 at 3.) Being the drafter of a contract used by a third party does not establish a breach of contract and there is no other indication of a meaningful relationship between NEXA Mortgage and Kivalu.

Kivalu's amended complaint consists of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Such allegations are not enough to state a claim and the complaint is dismissed.[2] Leave to amend is not appropriate because some of Kivalu's claims are barred by res judicata and even if not barred, Kivalu could not allege additional facts to state a plausible claim against any defendant.

On June 30, 2025, Kivalu filed a "Motion to Freeze and Stop Changes to VA Mortgage Contract." (Doc. 10.) That motion seeks an injunction prohibiting "any changes" to Kivalu's mortgage. (Doc. 10 at 1.) Kivalu can obtain injunctive relief only if he is likely to succeed on the merits or, at the very least, there are serious questions going to the merits. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Kivalu has not made either showing so his motion is denied.

/
/
/
/
/
/

---

[2] Page eight of the complaint identifies "USERRA, Disability Act of 1974, and Social Security Disability Act of 2010" as somehow relevant to Kivalu's claims. The complaint does not attempt to allege claims under these statutes. (Doc. 9 at 8.)

- 5 -

Accordingly,

**IT IS ORDERED** the Motion for Fee Waiver (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion to Freeze and Stop Changes to VA Mortgage Contract (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** complaint (Doc. 9) is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment in favor of defendants and close this case.

Dated this 7th day of July, 2025.

*[signature]*

**Honorable Krissa M. Lanham**
**United States District Judge**